# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00630-CV

---

**In the Matter of W. T. O.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-21,145, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

---

The State filed a petition alleging that appellant W.T.O. had engaged in delinquent conduct by intentionally and knowingly operating a motor vehicle without the consent of the owner, *see* Tex. Pen. Code Ann. ' 37.01 (West 1994), and by hitting an unattended vehicle and failing to provide information, *see* Tex. Transp. Code Ann. ' 550.024 (West 1999). The juvenile court found beyond a reasonable doubt that the State=s allegations were true and adjudicated W.T.O. to have engaged in delinquent conduct. After a disposition hearing, the court placed W.T.O. on probation in his father=s care for one year and ordered him to pay restitution in the amount of $1,918. W.T.O. appeals, contending the evidence is legally insufficient to support the trial court=s ruling. We will affirm the judgment.

## BACKGROUND

On April 30, 2001, W.T.O. drove his father=s van to a friend=s residence at an apartment complex on Rutland Drive and parked in the parking lot of the complex. After W.T.O. left his friend=s apartment, witnesses heard a loud noise in the parking lot. The witnesses immediately looked outside. Delma Pequeno saw W.T.O. driving away and observed damage to the van he was driving and damage to a Ford Bronco that had been parked next to where the van had been parked. Jon Petreczko observed the van hit the Bronco a second time after the initial crash, observed the van drive away, and observed damage to both vehicles. He did not see who was driving. Elizabeth Key, the owner of the Bronco, saw the van drive away and observed damage to the van and her vehicle. She did not see who was driving.

The police were called and, after speaking to the witnesses, were led to the residence of W.T.O. They ordered W.T.O. to open the door of his residence; he was then identified and detained. After being placed under detention and without questioning by the arresting officer, Rory Sullivan, W.T.O. made statements to Officer Sullivan indicating where he had damaged his father=s van, admitting that he had damaged the Bronco, and stating that he was scared because he did not have a license or permission from his father to drive the van. W.T.O. was subsequently charged under section 37.01 of the penal code and section 550.024 of the transportation code. Tex. Pen. Code Ann. ' 37.01; Tex. Transp. Code Ann. ' 550.024.

2

A contested adjudication hearing was held before a juvenile court referee. The State called the three witnesses from the scene of the accident and the arresting officer. W.T.O. does not complain about the admission of his oral statements to Sullivan. After hearing the evidence and argument of counsel, the trial court adjudicated W.T.O. guilty of both offenses, placed him on probation for one year, and ordered him to pay restitution. W.T.O. appeals to this Court, contending that the evidence is legally insufficient to support the trial court=s ruling.

## STANDARD OF REVIEW

Adjudications of delinquency in juvenile cases are based on the criminal standard of proof. *See* Tex. Fam. Code Ann. ' 54.03(f) (West 2002). Therefore, we review adjudications of delinquency in juvenile cases by applying the standards applicable to challenges to the sufficiency of the evidence in criminal cases. *In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.CAustin 1999, pet. denied). In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Id.*; *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

## DISCUSSION

By his first issue, W.T.O. contends that the evidence is legally insufficient to adjudicate him delinquent for unauthorized use of a motor vehicle because the evidence failed to establish that he operated the vehicle without the consent of the owner. W.T.O. contends that the State offered no evidence to establish that the van he drove was owned by his father or operated by him without his father=s consent.

3

We disagree. The State presented the testimony of Officer Sullivan. Sullivan testified that W.T.O. stated that he was driving his father=s van without his father=s permission. W.T.O.=s oral admission established each element of the offense. This testimony was never contradicted. Accordingly, we conclude that the evidence was legally sufficient to adjudicate him delinquent for unauthorized use of a motor vehicle. W.T.O.=s first issue is overruled.

By his second issue, W.T.O. contends that the evidence is legally insufficient to adjudicate him delinquent for violating the duty imposed upon one who strikes an unattended vehicle because the evidence failed to establish that he operated the vehicle on a public road. This duty applies only when the offense occurs on:

(1)  a road owned and controlled by a water control and improvement district;

(2)  a private access way or parking area provided for a client or patron by a business, other than a private residential property, or the property of a garage or parking lot for which a charge is made for storing or parking a motor vehicle; and

(3)  a highway or other public place.

Tex. Transp. Code Ann. ' 550.001 (West 1999). W.T.O. contends he was driving on Aprivate residential property@ and, therefore, section 550.024 does not apply. *See id.* ' 550.001(2). The State, however, contends that he was driving in a Apublic place.@ *See id.* ' 550.001(3). Although Apublic place@ is not defined for purposes of chapter 550, we look to other statutes, including other chapters of the transportation code, as persuasive authority for interpreting this term.

4

Section 1.07 of the Texas Penal Code defines Apublic place@for purposes of that code as follows:

> (40) APublic place@means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and *the common areas of* schools, hospitals, *apartment houses*, office buildings, transport facilities, and shops.

Tex. Pen. Code Ann. ' 1.07(40) (West 1994) (emphasis added). Furthermore, several statutes creating vehicle-related offenses have adopted this definition. *See* Tex. Alco. Bev. Code Ann. ' 106.041(j)(3) (West 1995) (driving under influence of alcohol by minor); Tex. Transp. Code Ann.' 524.001(12) (West 1999) (license suspension for failure to pass test for intoxication); Tex. Transp. Code Ann. ' 706.001(8) (West 1999) (enforcement of traffic laws; denial of renewal of license); Tex. Transp. Code Ann. ' 724.001(12) (West 1999) (suspension of license for refusal to submit to taking of specimen). We can find no reason to distinguish the meaning of Apublic place@ for purposes of chapter 550 of the transportation code from the meaning assigned to those statutes. Accordingly, we conclude that this same definition applies to the term Apublic place@ as used in chapter 550.

We now consider whether W.T.O. was driving in a Apublic place@when he hit the Bronco. Section 1.07 of the penal code includes the common area of an apartment house as a public place. The evidence presented at trial established that the apartment complex at issue in the present case was not a gated complex; it was a large complex that was open for public entry and visitor access. Based on this evidence, we conclude that the parking lot in which the accident at issue occurred was a common area of an

apartment house.  Therefore, W.T.O. hit an unattended vehicle in a public place and failed to provide information in violation of section 550.024 of the transportation code.  W.T.O.=s second issue is overruled.

Having overruled both of W.T.O.=s issues, we affirm the judgment of the trial court.


David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   November 21, 2002

Do Not Publish

6